PEARSON, Judge.
The plaintiffs appeal from an order granting a new trial after a jury verdict was returned for the plaintiffs in a case claiming damages for injury as a result of a bite inflicted by the defendant’s dog. The single ground stated by the trial judge is: “[T]he Court is of the opinion that the Plaintiff herein failed to establish ownership of the dog so as to serve as a sufficient predicate for the Defendant’s liability and that the Defendant’s Motion for Directed Verdict at the close of the Plaintiff’s case should have been granted .”. We reverse upon a holding that the plaintiffs’ evidence in their case in chief upon the issue of ownership of the dog was sufficient to withstand a motion for directed verdict at the close of plaintiffs’ case.
The plaintiffs proved that the dog attacked the plaintiff wife in the presence of the defendant. Immediately following the attack, the defendant spoke to the dog, assured the plaintiff that the dog had received “his shots”, and mentioned that he had the papers to prove this at his office. These facts were sufficient to overcome defendant’s motion made at the close of plaintiffs’ case for a directed verdict upon the ground that ownership of the dog was not proved. In Bourgeois v. Dade County, Fla.1956, 99 So.2d 575, the Supreme Court reversed a final judgment based upon a directed verdict for the defendant. The order was entered at the close of the plaintiffs’ case. In holding that the evidence was sufficient to overcome the motion, the court restated the rule in force in this state as follows:
* * * * * *
“It is a rule well established that a party requesting a directed verdict admits both the facts in evidence and also every conclusion favorable to the adverse party which a jury might fairly and reasonably infer from the evidence. Under our system of trial by jury a case should not be withdrawn from the jury’s consideration unless as a matter of law no proper view of the evidence could possibly sustain the position of the party against whom the verdict is directed.”
* * * * # *
Since we have reached the decision that the ground assigned by the trial judge for *47 a new trial is not sustainable on this record, we do not consider appellants’ point urging' that the denial of the motion for directed verdict did not constitute grounds for a new trial because the defendant had admitted ownership of the dog in answers to interrogatories which were not introduced into evidence. In addition, we do not consider appellants’ argument that the ground assigned was improper because the defendant admitted ownership in the presentation of defendant’s case.
We therefore direct that the final judgment heretofore entered for the plaintiffs be reestablished unless a motion in arrest of judgment or for judgment notwithstanding the verdict be made and prevail.
Reversed and remanded with directions.